UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR TOWNSEND,

        Plaintiff,

v

AETNA LIFE INSURANCE COMPANY,

        Defendant.
_____/

Case No. 19-cv-11468

Paul D. Borman
United States District Judge

# SCHEDULING ORDER FOR ERISA ACTION

Because this matter is an ERISA denial of benefits action, the proceedings will be conducted in accordance with the Guidelines set forth by the Sixth Circuit in *Wilkins v. Baptist Healthcare System, Inc.,* 150 F3rd 609, 619 (6th Cir. 1998):

1. As to the merits of the action, the district court should conduct a review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

2. For the reasons set forth above, the summary judgment procedures set forth in Federal Rule of Civil Procedure 56 are inapposite to ERISA actions and thus should not be utilized in their disposition.

Counsel are thus directed to follow the following instructions:

**A.**    **Settlement:**

Plaintiff's counsel must convene a meeting of all attorneys, as soon as can

practically be done, to discuss and attempt to resolve the issues noted herein. Such meeting may, in the discretion of counsel, be by telephone if all purposes of this order can be effectively dealt with through such means.

**B. Standard of Review:**

**On or before August 14, 2019,** the parties shall file a statement as to the appropriate standard of review in this case. If the parties agree as to the applicable standard, they may file a stipulation to that effect in lieu of separate statements.

**C. Administrative Record:**

**On or before August 30, 2019,** the defendant shall serve a copy of the administrative record upon counsel for the plaintiff. If the administrative record does not include the employee benefits plan and summary plan description, the defendant must obtain those documents and include them with the service package.

**D. Statement Regarding Procedural Challenge in ERISA Case:**

**On or before September 30, 2019,** each party shall file a pleading titled "Statement of Procedural Challenge in ERISA Case" or "Statement of No Procedural Challenge in ERISA Case" as appropriate. The Statement shall indicate whether the party asserts a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias, and shall indicate the nature of the procedural challenge.

In the event there is such a procedural challenge, the date for filing Cross Motions set in paragraph E below shall be deemed adjourned and the Court will set a conference to determine whether permitting limited discovery is appropriate.

**E.    Cross Motions:**

**On or before November 22, 2019,** the parties each shall file their cross motion and brief to reverse or affirm the administrator's decision.  With the motion, (1) the parties shall file a joint appendix consisting of all pertinent plan documents and the administrative record;  and (2) the parties shall each file their respective motion and brief to reverse or affirm the administrator's decision.  The briefs shall analyze the evidentiary materials contained in the plan documents and the administrative record. Responsive briefs may be filed **on or before December 23, 2019.** No reply briefs may be filed.

**F.    Hearing Date.**

Once motions are filed, the Court will schedule a hearing date.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2019